Ryan Lee (SBN: 235879)
rlee@consumerlawcenter.com
Matthew A. Rosenthal (SBN 279334)
mrosenthal@consumerlawcenter.com
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 405
Los Angeles, CA  90025
Tel: (323) 988-2400
Fax: (866) 861-1390
KARI KUSER

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| KARI KUSER, | ) **Case No.:** |
| | ) |
| | ) **COMPLAINT AND DEMAND FOR** |
| Plaintiff, | ) **JURY TRIAL** |
| | ) |
| v. | ) **(Unlawful Debt Collection Practices)** |
| | ) |
| | ) |
| WELLS FARGO BANK, N.A. | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

KARI KUSER (Plaintiff), by her attorneys, KROHN & MOSS, LTD., alleges the following against WELLS FARGO BANK, N.A. (Defendant):

**INTRODUCTION**

1.  Count I of Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 28 U.S.C. § 227 *et seq.* (TCPA).

2.  Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* (RFDCPA).

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained therein.

4. Defendant conducts business and is principally located in the State of California thereby establishing personal jurisdiction.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Sacramento, Sacramento County, California.

7. Defendant is a business entity with offices located throughout the country, including an office in San Francisco, California.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

10. Upon information and belief, Plaintiff does not owe the debt Defendant is attempting to collect.

11. Defendant places collection calls from telephone numbers, including, but not limited to, 877-647-8551.

12. Defendant places collection calls to Plaintiff's cellular telephone at phone number 916-868-33XX.

13. On or around December 6, 2014, Defendant began placing collection calls to Plaintiff on her cellular telephone, attempting to contact an individual named "Melissa" or "Alexia."

14. Based upon the timing and frequency of Defendant's calls, as well as its prior business

practices, each of Defendant's collection calls were placed using an automatic telephone dialing system.

15. Plaintiff does not have any business dealings with Defendant, did not at any time provide Defendant with her cellular telephone number, nor did Plaintiff at any time provide consent for Defendant to place calls to her cellular telephone using an automated telephone dialing system.

16. On or around December 6, 2014, Plaintiff spoke to Defendant, informed Defendant that she was not the individual Defendant was attempting to contact, and requested that Defendant cease placing collection calls to his cellular telephone.

**17.** Despite Plaintiff's insistence that Defendant is calling the wrong person, Defendant continued to place at least thirty-two (32) automated collection calls to Plaintiff without Plaintiff's consent.

## COUNT I
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTIONS ACT

18. Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

19. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

Wherefore, Plaintiff, KARI KUSER, respectfully requests judgment be entered against Defendant, WELLS FARGO BANK, N.A. for the following:

20. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

21. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

22. All court costs, witness fees and other fees incurred; and

23. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

25. Defendant violated the RFDCPA based on the following:

   a. Defendant violated § 1788.11(d) of the RFDCPA by causing a telephone to ring repeatedly or continuously to annoy the person called;

   b. Defendant violated § 1788.11(e) of the RFDCPA by communicating with Plaintiff with such frequency as to be unreasonable and to constitute a harassment to Plaintiff.

   c. Defendant violated § 1788.17 of the RFDCPA by failing to comply with the Fair Debt Collection Practices, Act, 15 U.S.C. § 1692 *et seq*., to wit:

      1. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff;

      2. Defendant violated §1692d(6) of the FDCPA by causing a telephone to ring repeatedly or continuously with intent to annoy, harass, or abuse Plaintiff.

WHEREFORE, Plaintiff, KARI KUSER, respectfully requests judgment be entered against Defendant, WELLS FARGO BANK, N.A. for the following:

26. Statutory damages of $1,000.00  pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),

27. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and

28. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED:  April 6, 2015                 KROHN & MOSS, LTD.


By: /s/Ryan Lee
Ryan Lee
Attorney for Plaintiff


**<u>DEMAND FOR JURY TRIAL</u>**

PLEASE TAKE NOTICE that Plaintiff, KARI KUSER, demands a jury trial in this case.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA

Plaintiff, KARI KUSER, states as follows:

1.   I am the Plaintiff in this civil proceeding.
2.   I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3.   I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4.   I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5.   I have filed this Complaint in good faith and solely for the purposes set forth in it.
6.   Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7.   Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, KARI KUSER, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 1-27-15 _____          *kari b. kuser*
                                        kari b. kuser (Jan 27, 2015)
                                        KARI KUSER